UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICKY BRADLEY,**

    **Petitioner,**

v.                                                             **CASE NO. 6:09-cv-994-Orl-35DAB**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

    **Respondents.**

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed replies (Doc. Nos. 8 and 10) to the response.

Petitioner alleges two claims for relief in his habeas petition: 1) the sentence imposed by the trial court was illegally enhanced; and 2) there was a Double Jeopardy violation.

*I.    Procedural History*

Petitioner was charged by information with one count of attempted felony murder (count one) and one count of robbery with a firearm (count two). As to the robbery

count, the information alleged that, while committing the robbery, Petitioner was in possession of and carried a firearm. Petitioner entered pleas of nolo contendere to the charges, and, after a hearing on the pleas, the trial court adjudicated him guilty of the crimes and sentenced him to imprisonment for a term of twenty years as to each count, with the sentences to run concurrently. Petitioner did not file a direct appeal.

Petitioner subsequently filed a motion to correct sentencing pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which held hearings on the matter. Eventually, the trial court entered an order denying the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial in a written opinion. *See Bradley v. State*, 971 So. 2d 957 (Fla. 5th DCA 2007). Petitioner then appealed to the Supreme Court of Florida, which entered a written opinion affirming state appellate court. *See Bradley v. State*, 3 So. 3d 1168 (Fla. 2009).

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant

2

state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

***III.    Analysis***

***A.    Claim One***

Petitioner argues that the information charging him with robbery with a firearm did not allege that he discharged a firearm during the commission of the offense and that, as a result, the trial court erred when it imposed a twenty-year minimum mandatory sentence. According to Petitioner, the information filed by the State alleged the possession of a firearm and not the discharge of a firearm. This claim was raised in the state appellate court and in the Supreme Court of Florida, and both courts found that there was no error.

The record reflects that Detective Charles A. Corn, who was involved in the investigation of the case, prepared a Charging Affidavit setting forth the factual summary of the crimes, which was filed with the trial court. *See* Appendix A. The Charging Affidavit included allegations that Petitioner discharged a firearm during the commission of the robbery.[2] The State thereafter filed an information charging Petitioner with one count of attempted felony murder and one count of robbery with a firearm. *See* Appendix A. The robbery count included an allegation that, in the course of committing the robbery, Petitioner was "in possession of and carried a firearm."

---

[2]The Charging Affidavit stated that Petitioner struck the victim, who had just made a sixty dollar withdrawal from an ATM, in the head with the handgun. The victim then dropped the money, and Petitioner pulled the trigger of the handgun twice; however, the handgun misfired on both occasions. Petitioner pulled the trigger a third time, and the victim was shot in the lower abdomen.

4

As discussed above, Petitioner entered a plea of nolo contendere as to both counts in the information. At the plea hearing, Petitioner's counsel informed the trial court that Petitioner would be withdrawing his not guilty pleas as to attempted felony murder and robbery with a firearm. *See* Appendix B, Transcript of Plea Hearing at 3-4. Petitioner's counsel also stated that 1) Petitioner had agreed to a twenty-year sentence with a twenty-year minimum mandatory sentence "pursuant to the 10/20/life [statute] . . . because the firearm was discharged," *id.* at 4,[3] and 2) the parties agreed that the injuries to the victim were moderate in order to remove the case from a twenty-five year mandatory sentence. *Id.* at 3-4. The State agreed to Petitioner's counsel's representation of the plea agreement. *Id.* at 4.

Moreover, during the plea proceeding, the trial court asked for a factual basis supporting the plea, and Petitioner's counsel agreed to "stipulate [that] the facts alleged in the complaint affidavit in the court file would provide a *prima facie* case for each charge pled to." *Id.* at 8. Consequently, when Petitioner entered his plea, he specifically stipulated to the fact that he discharged a firearm during the commission of the robbery.

---

[3]Section 775.087, Florida Statutes, also known as the 10/20/life statute, requires the imposition of a minimum mandatory sentence of ten years for possessing a firearm, twenty years for discharging a firearm, and twenty-five years to life for causing death or great bodily harm resulting from the discharge of a firearm, during the commission of the felonies set forth in the statute.

The plea proceeding reflects that Petitioner was fully aware of the nature and consequences of his plea, and he was not misled in any way. Petitioner stipulated to the factual basis for the plea and to the facts alleged in the Charging Affidavit, and his voluntary agreement to the plea was based on a sentence that incorporated the discharge of the firearm during the offense. Petitioner was aware of the enhanced minimum mandatory sentence due to his discharge of the firearm, and he voluntarily pled guilty in order to receive a twenty-year mandatory minimum sentence and to avoid a term of twenty-five years to life.

As discussed by the Supreme Court of Florida, Petitioner's explicit plea to the discharge of a firearm constituted an express waiver of any defect in the charging information. *See Bradley*, 3 So. 3d at 1171; *see also Brlecic v. State*, 456 So. 2d 503, 505 (Fla. 2d DCA 1984) (holding that "the factual basis given in connection with the plea supplied the missing element of the first degree burglary thereby implicitly amending the information."); *Billiot v. State*, 711 So. 2d 1277 (Fla. 1st DCA 1998) (holding that the defendant's guilty plea to charges that he committed aggravated assault while wearing a mask established that he wore a mask and permitted an enhanced sentence on that basis, even though the information did not allege that he wore a mask). As a result, this claim is without merit.

In addition, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the adjudication of this claim by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  For example, in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the Supreme Court observed as follows:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Thus, any defects in the information would be waived by Petitioner's entry of a guilty plea.  As a result, Petitioner is not entitled to habeas relief on this claim.

### B. *Claim Two*

Petitioner argues that the convictions and sentences for both attempted felony murder and robbery with a firearm resulted in a Double Jeopardy violation.  This claim was raised in Petitioner's Rule 3.800 motion, but it was not raised with the state appellate court or the Supreme Court of Florida.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, or (2) are not exhausted but would clearly be barred if returned to state court. "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quotation and citations omitted).  Consequently, in order to "properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the

7

state's highest court, either on direct appeal or on collateral review." *Id.* (quotation and citation omitted). Claim two was not exhausted because it was not raised with the state appellate court or the Supreme Court of Florida. Since it would clearly be barred if returned to state court, it is procedurally barred.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991). In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two is procedurally barred and is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Ricky Bradley is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of October 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 10/19
Counsel of Record
Ricky Bradley